**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AMY BARBOZA** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **C.A. No. 07-339ML** |
| | : | |
| **TOWN OF TIVERTON; JAMES AMARANTES, TREASURER; LOUISE DURFEE, PRESIDENT OF TOWN COUNCIL, W. GLENN STECKMAN III, TOWN ADMINISTRATOR, THOMAS BLAKEY, CHIEF OF POLICE** | : | |
| **Defendants** | : | |

## ANSWER TO COMPLAINT

## INTRODUCTORY STATEMENT/NATURE OF ACTION

This portion of the Complaint does not require a response from Defendants. However, to the extent this section alleges unlawful or discriminatory employment practices by Defendants, said allegations are hereby denied. Further, to the extent that it may be characterized as an averment of facts to support a cause of action, the contents of the "Introductory Statement" are denied.

## JURISDICTION AND VENUE

1. Defendants admit that the allegation purports to establish jurisdiction; however, Defendants deny that any of the cited statutes confer a cause of action in favor of Plaintiff against Defendants.

2. Defendants admit that Paragraph 2 of the Complaint purports to establish supplemental jurisdiction with this Court; however, Defendants deny that such allegation confers a cause of action in favor of Plaintiff against Defendants. Further, to the extent that Paragraph 2 alleges unlawful or discriminatory employment practices by Defendants, said allegations are hereby denied.

3. Defendants admit that the allegation purports to establish venue with this Court; however, Defendants deny that such allegation confers a cause of action in favor of Plaintiff against Defendants.

a. Deny.

b. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 3b of the Complaint.

c. Deny.

4. Defendants admit that a charge of discrimination was filed by Plaintiff, but deny all other allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Attachment 1 speaks for itself and deny all other allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that the instant action has been brought; however, Defendants deny all other allegations contained in Paragraph 6 of the Complaint.

## PARTIES

7. Defendants admit that Plaintiff is a female, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that the names and addresses contained in Paragraph 8 of the Complaint are accurate; however Defendants deny all other allegations contained in Paragraph 8 of the Complaint.

9. Admit.

10. Defendants admit that the allegation purports to establish that one or more of the Defendants is an employer within the meaning of the statutes; however Defendants deny that any of the cited statutes, or allegations that one or more are employers under said statutes, confers a cause of action in favor of Plaintiff against Defendants.

11. Defendants admit that the allegation purports to establish that one or more of the Defendants is an employer within the meaning of the statutes; however Defendants deny that any of the cited statutes, or allegations that one or more are employers under said statutes, confers a cause of action in favor of Plaintiff against Defendants.

12. Paragraph 12 of the Complaint does not require a response from Defendants; however, to the extent this section alleges unlawful or discriminatory employment practices by Defendants, said allegations are hereby denied.

13. Deny.

**FACTS COMMON TO ALL COUNTS**

14. Admit.

14. Defendants admit Plaintiff was hired in 2005 but deny all other allegations contained in the second Paragraph 14 of the Complaint.

15. Admit.

16. Defendants admit in 2006 Plaintiff commenced her active duties as a probationary police officer.

17. Admit.

18. Defendants can neither admit nor deny the allegations contained in Paragraph 18 of the Complaint and leave Plaintiff to her proof.

19. Deny.

20. Admit.

21. Deny.

22. Deny.

23. Deny.

24. Defendants admit Plaintiff gave a statement in the presence of the Deputy Chief and a detective but deny all other allegations contain in Paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Admit.

28. Deny.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Deny.

32. Deny.

33. Deny.

34. Defendants admit that Plaintiff had problems during her probationary period but deny all other allegations contained in Paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Deny.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit the letter was dated November 17, 2006 but deny all other allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit Plaintiff was placed on administrative leave on November 17, 2006.

43. Defendants admit Plaintiff was ordered to turn in her firearm and other equipment but deny all other allegations contained in Paragraph 43 of the Complaint.

44. Admit.

45. Defendants admit Defendant Blakey was suspended but deny all other allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit Defendant Blakey was reinstated to his position by Defendant Town against the recommendation of Defendant Steckman and deny all other allegations contained in Paragraph 46 of the Complaint.

47. Deny.

48. Deny.

**COUNT I**

49. Defendants repeat and reallege their responses to Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Deny.

a. Deny.

b. Deny.

c. Deny.

d. Deny.

e. Deny.

51. Deny.

a. Deny.

b. Deny.

c. Deny.

52. Deny.

53. Deny.

**COUNT II**

54. Defendants repeat and reallege their responses to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Deny.

a. Deny.

b. Deny.

c. Deny.

d. Deny.

e. Deny.

56. Deny.

a. Deny.

b. Deny.

c. Deny.

57. Deny.

58. Deny.

**COUNT III**

59. Defendants repeat and reallege their responses to Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

**COUNT IV**

64. Defendants repeat and reallege their responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

65. Deny.

66. Deny.

67. Deny.

WHEREFORE, Defendants pray that this Honorable Court dismiss all the allegations against Defendants in this action and awards costs and attorneys' fees to Defendants.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted under Court I.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted under Court II.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted under Court III.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted under Court IV.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to satisfy the statutory time limitations for filing this action.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to receive or recover punitive damages from Defendants because Defendants in no way participated in or engaged in any willful or reckless conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to receive or recover punitive damages as demanded because Plaintiff has failed to plead facts sufficient to support her allegation of reckless and willful conduct on the part of Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times Defendants acted in good faith with regard to their conduct toward Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Defendants reserve their right to raise at trial each and every affirmative defense which may be supported by the facts deduced during or prior to trial, including without limitation, their right to claim waiver, estoppel, failure to mitigate damages or laches at anytime during the course of this matter.

Respectfully submitted,
**TOWN OF TIVERTON; JAMES AMARANTES, TREASURER; LOUISE DURFEE, PRESIDENT OF TOWN COUNCIL, W. GLENN STECKMAN III, TOWN ADMINISTRATOR, THOMAS BLAKEY, CHIEF OF POLICE**
By Their Attorney:

JEFFREY W. KASLE, ESQ. (#2695)
St. Peter & Kasle Incorporated
Four Richmond Square
Providence, Rhode Island 02906
Tel. 401-453-4330, Fax. 401-453-4333
Email. jeff@stpeterandkasle.com

## CERTIFICATION

I hereby certify that a true copy of the within was mailed to Stephen T. Fanning, Esq., 305 South Main Street, Providence, Rhode Island 02903 on this 2nd day of October, 2007.

Kimberly A. Peters