UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROLYN GALLANT
    Plaintiff,

v.                                                                                               C.A. No. 08-52-ML

TOWN OF TIVERTON; JAMES AMARANTES,
TREASURER; LOUISE DURFEE, PRESIDENT
OF TOWN COUNCIL; W. GLENN STECKMAN III,
TOWN ADMINISTRATOR; THOMAS BLAKEY,
CHIEF OF POLICE
    Defendants.

LINDA HANCOCK
    Plaintiff,

v.                                                                                             C.A. No. 08-53-ML

TOWN OF TIVERTON; JAMES AMARANTES,
TREASURER; LOUISE DURFEE, PRESIDENT
OF TOWN COUNCIL; W. GLENN STECKMAN III,
TOWN ADMINISTRATOR; THOMAS BLAKEY,
CHIEF OF POLICE
    Defendants.

LISA LEONARDO
        Plaintiff,

v.                                                                 C.A. No. 08-200-ML

TOWN OF TIVERTON; JAMES AMARANTES,
TREASURER; LOUISE DURFEE, PRESIDENT
OF TOWN COUNCIL; W. GLENN STECKMAN III,
TOWN ADMINISTRATOR; THOMAS BLAKEY,
CHIEF OF POLICE
        Defendants.

## ORDER

These cases are related and were consolidated for pretrial and discovery purposes.[1] The gravamen of Plaintiffs' complaints is that Defendants subjected them to a hostile work environment and retaliation in violation of Title VII and Rhode Island state law. These matters are before the Count on Defendants' motion for summary judgment on all counts. Plaintiffs have filed an objection accompanied by a supporting memorandum of law and a statement of disputed and undisputed facts.

As a general matter, the moving party on a motion for summary judgment bears the initial burden of showing that the undisputed record facts, when viewed through the prism of applicable legal principles, entitle it to judgment as a matter of law. This district, like many others, has adopted a local rule which requires the moving party to file, in addition to its memorandum of law in support of the motion, "a separate Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitles the movant to judgment as a matter

---

[1] These cases were also consolidated with <u>Barboza v. Tiverton et. al</u>, C.A. No. 07-339. Defendants have filed a motion for summary judgment in that matter which will be treated in a separate decision by the Court.

of law." DRI LR 56(a)(1). This requirement is not to be considered an empty exercise and parties who ignore it or fail to comply with it do so at their peril. Gosselin v. Webb, 242 F.3d 412, 415 n.2 (1st Cir. 2001) (local rule 56 is a "distinct improvement . . . and parties ignore [it] at their peril").

Having reviewed Defendants' Statement of Undisputed Facts, this Court finds that it comes up short in establishing a factual basis upon which to grant Defendants' claim to judgment as a matter of law. Rather than setting forth "facts," for the most part, it consists of generalized conclusory statements which provide an insufficient factual predicate for the relief Defendants seek.

Accordingly, Defendants' motion for summary judgment is DENIED.

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge
June 2, 2010